```
KAREN A. OVERSTREET
Chief Bankruptcy Judge
United States Courthouse
700 Stewart St., Suite 6310
Seattle, WA  98101
206-370-5330
```

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>DAWN CHAUSSEE,<br><br>             Debtor.<br>_____<br><br>DAWN CHAUSSEE,<br><br>             Plaintiff.<br><br>V.<br><br>B-REAL, LLC, DOES 1-X,<br><br>             Defendants.<br>_____ | Chapter 13<br><br><br><br>Bankruptcy No. 07-11392<br><br><br><br>Adversary No. 07-01266<br><br><br><br>**MEMORANDUM DECISION**<br>**ON MOTION TO DISMISS** |

This matter came before the Court on the motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P,[1] filed by B-Real, LLC ("Defendant"). Defendant contends that the claims of Dawn Chaussee, the debtor in bankruptcy and plaintiff herein ("Plaintiff"), arising under the Washington State Consumer

---

[1] Absent contrary indication, all "Code," chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109-8, 119 Stat. 23. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "LBR" references are to the Local Bankruptcy Rules of this district.

MEMORANDUM DECISION - 1

Protection Act and the Fair Debt Collection Practices Act are barred under the doctrine of federal preemption. For the reasons that follow, this Court will deny Defendant's motion.

## I. FACTUAL BACKGROUND

Plaintiff filed a chapter 13 petition on March 29, 2007. The complaint in this adversary proceeding was filed on September 17, 2007. The complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Washington State Consumer Protection Act, RCW 19.86 *et seq.* ("WACPA"), by filing proofs of claim in the bankruptcy to collect debts that Plaintiff contends she does not owe. The complaint seeks actual damages under the FDCPA, statutory damages of up to $1,000 per violation and reasonable costs and attorneys' fees. Under the WACPA, Plaintiff seeks treble damages and reasonable attorneys' fees and costs.

Defendant's answer disputed the applicability of the FDCPA and the WACPA and asserted that Plaintiff's sole remedy was to object to the claims filed by Defendant in the main bankruptcy case. Plaintiff responded on November 16, 2007, by filing objections to the two proofs of claim filed by Defendant in the main case: Claim no. 22 in the amount of $5,269.05 (unsecured, nonpriority) and Claim no. 23 in the amount of $843.74 (unsecured, nonpriority). The objections asserted that the debts were not owed by Plaintiff and therefore not listed on her schedules, or, alternatively, were barred by the statute of limitations for collection of debts under Washington state law. Each of the proofs of claim named the debtor/obligee as "Dawn Gonzales" and provided no documentation other than an account summary referring to the last four digits of

MEMORANDUM DECISION - 2

Plaintiff's social security number. Defendant did not respond to the objections and an order was entered by the Court on December 18, 2007 denying both claims in their entirety.

On October 8, 2007, Defendant filed a motion to dismiss Plaintiff's claim under Rule 12(b)(6), Fed.R.Civ.P., made applicable to bankruptcy proceedings under Rule 7012. Defendant contends in the motion that the provisions of the FDCPA are entirely superceded by the Bankruptcy Code and Rules regarding the claims process, and that Plaintiff's exclusive remedy was to object to the claims under Section 502 (which Plaintiff did, subsequent to the filing of this adversary proceeding). Defendant further contends that the Bankruptcy Code and Rules supersede the WACPA under the doctrine of federal preemption thereby depriving Plaintiff of the remedies under the state statute. Defendant has included a request for attorneys' fees and costs under Rule 11, Fed.R.Civ.P., applicable to bankruptcy proceedings under Rule 9011.

Plaintiff counters that there is no evidence the debts sought to be collected by Defendant are actually obligations of Plaintiff, and that Defendant's attempt through the bankruptcy claims process to collect debts not owed by Plaintiff violates the FDCPA and the WACPA, which are not preempted by the Bankruptcy Code, but rather coexist with the bankruptcy laws. Neither party filed a factual declaration in support of their position and it is undisputed that the claims sought to be collected by Defendant are not obligations of Plaintiff. The Court heard oral argument on March 5, 2008, and took the matter under advisement.

MEMORANDUM DECISION - 3

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## III. ISSUE

In a bankruptcy case, can a debtor bring a separate adversary proceeding under the FDCPA and the WACPA against an entity that has filed a claim against the debtor for an obligation that is not owed by the debtor?

## IV. DISCUSSION

**A. Burden of Proof.**

"On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Under the recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 75 USLW 4337 (2007), the complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 1986-87.[2]

---

[2] *Bell Atlantic Corp*. disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp.*, 127 S.Ct. at 1969.

MEMORANDUM DECISION - 4

**B.   The Washington State Consumer Protection Act Claim.**

Defendant argues that Plaintiff has no remedy under the WACPA based upon its filing of proofs of claim in Plaintiff's bankruptcy because the Bankruptcy Code preempts any state law claim under the WACPA. In *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559 (6th Cir. 1998), the Sixth Circuit Court of Appeals outlined the three different types of preemption of state law by federal law under the Supremacy Clause, U.S. Const. art. VI: (1) express preemption, which occurs when Congress expresses an intent to preempt state law in the language of the statute; (2) field preemption, where Congress intends fully to occupy a field of regulation; and (3) conflict preemption, "where it is impossible to comply with both federal and state law, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*. at 562-63.

Without a doubt, there are strong factors that support the exclusive nature of federal bankruptcy proceedings. The Constitution grants Congress the authority to establish "uniform Laws on the subject of Bankruptcies." U.S. Const. art. I, § 8. Congress has created comprehensive regulations applicable in bankruptcy proceedings and vested exclusive jurisdiction over those proceedings in the federal district courts. 28 U.S.C. § 1334(a). The Ninth Circuit Court of Appeals has stated, in language often quoted by courts analyzing whether a state cause of action is preempted by the Bankruptcy Code:

> [A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, demonstrates Congress's intent to create a whole system under federal control which is

MEMORANDUM DECISION - 5

     designed to *bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike*. [Footnote omitted.] While it is true that bankruptcy law makes reference to state law at many points, the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal. It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process. (Emphasis added).

*MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996).

  Defendant places great reliance on *MSR Exploration*. In that case, a chapter 11 debtor brought an action against a creditor based upon the debtor's assertion that the creditor maliciously pursued claims against the debtor in the bankruptcy proceedings. The court held that the debtor's state malicious prosecution action, which was based upon events taking place *in the bankruptcy*, was completely preempted by federal bankruptcy law and that the remedies available to the debtor were exclusively under bankruptcy law, such as Rule 9011. The court in *MSR Exploration* noted that creditors may have less time to "ruminate" on the merits of the claim before filing it yet risk forfeiting their rights altogether if the claim is not filed on time. "The threat of later state litigation may well interfere with the filings of claims by creditors and with other necessary actions that they, and others, must or might take within the confines of the bankruptcy process." *Id.* at 916.

  The concern of the court in *MSR Exploration* was that the regulation of the rights between debtors and creditors in bankruptcy not be disrupted by "even slight incursions and

MEMORANDUM DECISION - 6

disruptions brought about by state malicious prosecution actions." That concern is legitimate as it pertains to the relation of creditors and debtors. In the *MSR Exploration* case, the debtor and creditor were parties to a prebankruptcy contract under which disputes arose and were resolved by the bankruptcy court on a claims objection by the debtor. In this case, however, there is no evidence that Plaintiff and Defendant are debtor and creditor, respectively, nor evidence that they have ever been in a debtor-creditor relationship.[3] Defendant therefore has no right to invoke the regulations of the bankruptcy court to adjust the debts alleged, because Defendant has asserted them against the wrong debtor.

Applying the three types of preemption summarized in *Bibbo*, *supra*, it is hard to see how Plaintiff's WACPA claim under the unique facts of this case runs afoul of the bankruptcy laws. There is no expression by Congress in the Bankruptcy Code of an intent to preempt state law consumer protection statutes. While it can be argued that the Bankruptcy Code fully occupies the field of debtor-creditor relationships in the context of bankruptcy and insolvency, the bankruptcy laws do not generally apply to third parties who have no relationship to the debtor or the debtor's assets. Finally, the Court finds no evidence that Plaintiff's pursuit of a WACPA claim against Defendant presents an obstacle to the administration and objectives of Plaintiff's underlying bankruptcy proceeding. In the absence of her bankruptcy proceeding, Plaintiff

---

[3] Because Defendant does not hold a "claim" against Plaintiff, Defendant is not a "creditor" entitled to participate in the claims adjustment process under 11 U.S.C. §§ 501, 502. *See* 11 U.S.C. §§ 101(5), (10).

MEMORANDUM DECISION - 7

would have a right to assert a claim under the WACPA against Defendant to redress Defendant's attempts to collect a debt she does not owe. Under the unique facts of this case, the Court does not see why Plaintiff should be deprived of that right merely because she is in a bankruptcy proceeding.

Neither party has cited a case involving federal preemption of state law in the bankruptcy context where the parties involved had no debtor-creditor relationship. *See, e.g., Holloway v. Household Auto. Fin.* Corp., 227 B.R. 501 (N.D. Ill. 1998)(claim under Illinois Consumer Fraud and Deceptive Practices Act preempted where creditor allegedly misvalued its collateral for a claim against debtor); *Koffman v. Osteoimplant Technology, Inc.*, 182 B.R. 115 (D. Md. 1995)(attempted malicious prosecution claim for the filing of an involuntary petition and violation of the stay by creditor preempted); *In re Shape*, *Inc.*, 135 B.R. 707 (Bankr. D. Me. 1992)(claim under Massachusetts Consumer Protection Act preempted where debtor alleged willful violation of stay by creditor with whom debtor had prepetition contractual relationship); *see also In re Bassett*, 255 B.R. 747 (9th Cir. BAP 2000), *aff'd in part, rev'd in part*, 285 F.3d 882 (9th Cir. 2002)(court affirms dismissal of debtor's state law claims against creditor related to reaffirmation agreement). Even where a debtor-creditor relationship does exist, at least one court has held that the debtor may pursue a state unfair trade practices act claim if there is little risk that allowing the claim to go forward will "disrupt the uniform application of the federal bankruptcy laws or contravene congressional purpose." *Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F.Supp.2d 599, 609 (E.D. Pa. 2006)(claim based upon post-

MEMORANDUM DECISION - 8

petition, post-confirmation assessment of attorneys' fees by mortgagee).

Because the debtor-creditor relationship does not exist between Plaintiff and Defendant, the Court finds that *MSR Exploration* does not apply to preempt Plaintiff's claim under the WACPA. Whether a violation of that statute occurred in this case must await further proceedings.

**C.   The Fair Debt Collection Practices Act Claim.**

The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). For purposes of the motion at issue, the parties do not dispute that Defendant is a debt collector[4] and that the debts asserted are consumer debts.[5] Plaintiff contends that Defendant's attempt to collect debts that are not owed by her, by filing claims against her in bankruptcy, violates 15 U.S.C. § 1692f. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." The statute contains a nonexclusive list of actions that violate the section, of which the most apropos to this action is subsection (1), which prohibits the collection of "any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The undisputed fact in this case is that

---

[4] A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

[5] The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction...." 15 U.S.C. § 1692a(5).

MEMORANDUM DECISION - 9

neither of the debts reflected in the proofs of claim filed by Defendant are debts of Plaintiff, not because those debts are subject to some defense, such as the statute of limitations[6], but because Defendant has simply named the wrong debtor. The debts alleged are not and have never been debts of Plaintiff.

Defendant relies on *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), which held that the debtor's action under the FDCPA against a creditor for its attempts to collect a discharged debt in violation of Section 524(a)(the discharge injunction) was subject to dismissal because it "would circumvent the Bankruptcy Code's remedial scheme." *Id.* at 504. The court in *Walls*, however, did not consider the doctrine of preemption in resolving the case, because as correctly pointed out by the Seventh Circuit Court of Appeals in a case with nearly identical facts, one federal statute does not preempt another. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004), *citing Baker v. IBP, Inc.*, 357 F.3d 685, 688 (7th Cir. 2004). Instead, when two federal statutes address the same subject in a different way, the court must determine whether one statute implicitly repeals the other. *Id.* at 730; *Branch v. Smith*, 538 U.S. 254, 273, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003).

In *Walls*, the Ninth Circuit Court of Appeals correctly concluded that because the discharge injunction of Section 524(a) is a creation of the Bankruptcy Code specifically enacted to

---

[6] Plaintiff has argued in the alternative, based upon the age of the debts as stated by Defendant in the proofs of claim, that the debts are barred by the statute of limitations. That defense, however, is not necessary given that the evidence demonstrates that neither debt was ever a debt of Plaintiff.

MEMORANDUM DECISION - 10

protect discharged debtors from post-discharge collection efforts by creditors whose claims have been discharged, the bankruptcy court and the Bankruptcy Code should dictate the remedy for a violation of that statutory injunction. The court repeated the district court's conclusion that a determination of the debtor's FDCPA claim "necessarily entails bankruptcy-laden determinations" such as whether the debtor's payments were voluntary under Section 524(f), whether she was required to enter into a reaffirmation agreement under Section 524(c), etc. The court also noted that the Bankruptcy Code provides a civil contempt remedy under Section 105 for violation of the discharge injunction and that the existence of this remedy justified dismissal of the debtor's simultaneous claim under the FDCPA.

There is considerable disagreement among courts as to whether the Bankruptcy Code and the FDCPA can peaceably coexist without one treading unfairly on the other's objectives. The Ninth Circuit Court of Appeals in *Walls* held that the FDCPA should give way to the Bankruptcy Code remedies in the context of a violation of the discharge injunction. The Seventh Circuit Court of Appeals in *Randolph* held just the opposite. In *Randolph*, the court took up three consolidated lower court cases, each holding that the Bankruptcy Code provides the sole remedy against post-bankruptcy debt-collection efforts. Disagreeing with *Walls*, however, the Seventh Circuit reversed the three lower court cases, concluding that there was no irreconcilable conflict between the FDCPA and the Bankruptcy Code and that "[I]t is easy to enforce both statutes, and any debt collector can comply with both simultaneously." 368

MEMORANDUM DECISION - 11

F.3d at 730. There are plenty of cases adopting the *Walls*[7] reasoning and plenty of cases alined with *Randolph*.[8]

Where the facts of the case indicate that the debtor's pursuit of an FDCPA claim will not interfere with the administration of the bankruptcy case, courts have been more willing to permit the claims to go forward, rejecting the creditor's preemption argument. *See, e.g., Doughterty v. Wells Fargo Home Loans, Inc., supra* (claim based upon post-petition, post-confirmation acts); *Wagner v. Ocwen Fed. Bank, supra* n. 8 (collection action complained of occurred after the bankruptcy proceedings were closed); *Peeples v. Blatt*, *supra* n. 8 (collection action complained of occurred after bankruptcy proceedings); *Molloy v. Primus Automotive Financial Services,* 247 B.R. 804, 821 (Bankr. C.D. Cal. 2000)(addressing creditor's "alleged debt collection activities outside of and in disregard of the bankruptcy proceeding.").

After *Walls*, confusion regarding the preemption doctrine continues in the Ninth Circuit. In the case of *Wan v. Discover Financial Services, Inc.*, 324 B.R. 124 (N.D. Cal. 2005), the court, following *Walls,* affirmed the bankruptcy court's dismissal of counterclaims brought by the debtor in the creditor's nondischarge action for alleged violations of the notice provisions of the

---

[7] *See, e.g., Baldwin v. McCalla,* 1999 WL 284788 (N.D. Ill. 1999); *Kibler v. WFS Fin. Inc.*, 2000 WL 1470655 (C.D. Cal. 2000); *Degrosiellier v. Solomon & Solomon, P.C.*, 2001 WL 1217181 (N.D. N.Y. 2001); *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D. Ill. 1999).

[8] *See, e.g., Peeples v. Blatt,* 2001 WL 921731 (N.D. Ill. 2001); *Molloy v. Primus Auto Fin. Serv.*, 247 B.R. 804 (C.D. Cal. 2000); *Wagner v. Ocwen Fed. Bank, FSB*, 2000 WL 1382222 (N.D. Ill. 2000); *Forsberg v. Fid. Nat'l. Credit Serv., Ltd.*, 2004 WL 3510771, 2004 U.S. Dist LEXIS 7622 (S.D. Cal. 2004).

MEMORANDUM DECISION - 12

FDCPA.  Distinguishing *Walls*, the court in *Forsberg v. Fidelity Nat'l Credit Serv., Ltd.*, 2004 WL 3510771, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004), refused to dismiss a debtor's claim that the creditor's notices violated the provisions of the FDCPA.  The court in *Forsberg* pointed out that the creditor in that case was not specifically enjoined by the bankruptcy court from collecting the debt and the debtor was pursuing simultaneously his remedies under the Bankruptcy Code and the FDCPA.  *See also In re Lasky*, 364 B.R. 385, 388 (Bankr. C.D. Cal. 2007)(court notes "serious question whether the standards of the FDCPA can be imported into the claims objection process.").[9]

Plaintiff is not without remedies under bankruptcy law for Defendant's filing of improper proofs of claim.  Plaintiff had the right to, and did, object to the claims.  Plaintiff could also file a Rule 9011 motion against the representative of Defendant who signed the proofs of claim.  Plaintiff is not attempting to bypass remedies under the Bankruptcy Code.  Further, although Plaintiff's bankruptcy case is not completed and the actions complained of occurred during the pendency of the case, the simultaneous assertion of Plaintiff's rights under the FDCPA and the Bankruptcy Code will not interfere with Plaintiff's bankruptcy proceedings. Because Defendant has no claims against Plaintiff, there will be no

---

[9] Courts are equally divided when looking at whether other federal statutes governing debtor-creditor relations are preempted by the Bankruptcy Code.  *See, e.g., In re Figard*, 2008 WL 501356 (Bankr. W.D. Pa. 2008)(court finds that Bankruptcy Code does not preempt provisions of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(2); *In re Holland*, 374 B.R. 409 (Bankr. D. Mass. 2007)(Bankruptcy Code does not preempt Real Estate Settlement Procedures Act); *In re Nosek*, 354 B.R. 331 (D. Mass. 2006)(court finds Bankruptcy Code preempts Real Estate Settlement Procedures Act and state statutory and common law).

MEMORANDUM DECISION - 13

further proceedings regarding allowance of the claims and the claims will not in any way impact Plaintiff as the debtor or other creditors in the bankruptcy case. Consequently, the Court finds that Plaintiff has sufficiently stated a claim under the FDCPA so as to avoid dismissal under Rule 12(b)(6), Fed.R.Civ.P.

**D.  Other.**

Defendant included a request for fees under Rule 9011 with its motion to dismiss.  Because the Court will deny the motion to dismiss, Defendant is not entitled to fees.  In addition, the request for fees is not in compliance with Rule 9011(c)(1)(A), which requires a request for fees to be initiated by a separate motion.

Defendant's memorandum in support of its motion raises a legal argument about the statute of limitations applicable to the claims it asserted against Plaintiff.  That argument is moot given the concession by Defendant that it has no claims against Plaintiff.

Finally, the Court declines to rule on Defendant's contention solely in oral argument that the filing of a proof of claim is not an action to collect a debt under the FDCPA because that claim was not raised in the motion to dismiss or Defendant's memorandum in support of that motion.  Whether Defendant's filing of the proofs of claim at issue in this case violates the FDCPA must await further proceedings.

**CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's claims under the WACPA and the FDCPA are not subject to dismissal under Rule 12(b)(6), Fed.R.Civ.P.  The Court will therefore enter

MEMORANDUM DECISION - 14

an order, on presentation by Plaintiff, denying Defendant's motion to dismiss.

DATED this 25th day of March, 2008.

_____
KAREN A. OVERSTREET
UNITED STATES BANKRUPTCY JUDGE

MEMORANDUM DECISION - 15